# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

| | |
|---|---|
| LEGACY HOUSING CORPORATION, | : |
| | : |
| Plaintiff/Counterclaim-Defendant, | : |
| | : Case No. 3:24-cv-00012-TES |
| v. | : |
| | : |
| BARRY MERCER, | : |
| | : |
| Defendant/Counterclaim-Plaintiff | : |

## CONSENT PROTECTIVE ORDER

Good cause appearing therefore, the undersigned, The Honorable Tilman E. Self, III, United States District Court, Middle District of Georgia hereby orders as set forth below.

## Designation of Confidential Materials

1.   Plaintiff and Defendant (individually, a "Party" or collectively, the "Parties") may designate as "CONFIDENTIAL" documents, materials and information, including, without limitation, information contained in non-party responses to document-production requests, portions of deposition transcripts, responses to discovery pleadings by a Party, and information that may be found in other materials, which contain, include, constitute, refer to, or relate to trade secrets,

1

confidential information, proprietary information, private personal and financial information (such as social security numbers, bank account numbers, tax returns, etc.), and other similar documents, materials and information (herein, collectively, "Confidential Materials"). Any such designated Confidential Materials shall be deemed "CONFIDENTIAL" and subject to this Protective Order. Copies of Confidential Materials, as well as any summary, compilation, or reproduction in another medium of the Confidential Materials, are protected under this Protective Order to the same extent as the original Confidential Materials.

2. Whenever a Party designates documents, things, or other information as Confidential Materials, such materials must be stamped, marked, or otherwise designated "CONFIDENTIAL."

3. A Party may redact any trade secrets that are clearly not relevant to any claims or defenses in this litigation ("Non-Relevant Trade Secrets") from any document before producing it to another party. Any such redactions shall be identified as Non-Relevant Trade Secrets by way of overlay text or other device that makes clear the redaction was made pursuant to this Paragraph. Any Party who produces a redacted document shall, concurrently with such production, verify that the redacted information is, in fact, non-relevant to this litigation and shall state (via a supplemental discovery response or privilege log) the general subject matter of the

redacted materials in sufficient detail so as to allow the opposite Party the reasonable opportunity to assess the claim of non-relevance and the propriety of the redactions.

4. No Party shall designate any document, material, thing, or other information as Confidential Materials or redact Non-Relevant Trade Secrets unless counsel for such Party believes in good faith that the designated material is entitled to such protection.

5. No Party shall designate the entirety of any document, material, or thing as "CONFIDENTIAL" without first attempting in good faith to redact from the document any private personal or financial information, as described in O.C.G.A. § 9-11-7.1(a), so as to render the document non-confidential.

6. Each Party reserves the right to dispute the designation of Confidential Materials as "CONFIDENTIAL" and/or the redaction of any Non-Relevant Trade Secrets by any other Party in accordance with this Protective Order. The Parties shall first try to resolve any such dispute on an informal basis before presenting the dispute to the Court. A Party believing that any materials have been improperly designated by another party as "CONFIDENTIAL" or improperly redacted shall inform counsel for the Party making the designation, in writing. If the Parties are unable to resolve the matter informally within five (5) business days of such writing, the Party objecting to the designation may then file an appropriate motion with the Court. Until and unless the Court may finally determine that such materials are not properly

designated as "CONFIDENTIAL," the same shall be treated as "CONFIDENTIAL" in accordance with this Protective Order.

## Access to Confidential Materials

7. Access to Confidential Materials or copies thereof shall be strictly limited to the following persons who agree to be bound by this Protective Order:

(a) The Parties, including principals, agents, representatives, affiliates, and heirs, successors, assigns and related entities of the Parties, who are or are reasonably likely to be permitted access to Confidential Materials by virtue of their necessary involvement in these proceedings;

(b) All legal counsel for the Parties, including their associates, paralegals, and administrative employees (collectively "Counsel");

(c) The Court, their employees or designates, court reporters, stenographic reporters, videographers, copy-service providers, as well as similar document- imaging and database consultants, and graphics or design consultants, who are engaged in these proceedings for the preparation, presentation, staging, and adjudication of these proceedings, all of whom shall be informed by Counsel of the existence of such Confidential Materials;

(d) Witnesses or deponents who are, were, or reasonably would have been expected to be familiar with the content of the Confidential Materials

to be disclosed to them during their testimony or deposition, including any witnesses or deponent who, whether individually or on behalf of any company or organization, is indicated on the face of the document to be the originator, author, or recipient of a copy of the document;

(e) The Parties' consultants or experts who are retained for the purposes of consulting or testifying in this litigation;

(f) Any other person who authored, created, or otherwise was substantively involved in the preparation of the Confidential Materials;

(g) Any other person to whom the Parties agree in writing shall have access to the Confidential Materials; and,

(h) Any other persons to whom the Court shall direct to have access to the Confidential Materials.

## **Use of Confidential Materials**

8. Every person, firm, or organization receiving Confidential Materials under this Protective Order shall sign certificates of compliance as set forth in Exhibit 1 to this Protective Order prior to or contemporaneously with receiving Confidential Materials and shall attest that he/she/it shall (a) use the same solely for purposes reasonable to these proceedings, (b) not use the same for any business, commercial, or competitive purpose, and (c) subject himself/herself/itself to the

jurisdiction of this Court for the purpose of any proceeding relating to performance under, compliance with, or violation of this Protective Order.

9. With respect to certificates of compliance set forth in Exhibit 1 executed by persons set forth in paragraph 6, above, copies of such certificates will be forwarded to Counsel within three (3) days of execution; however, failure to comply with this provision shall not violate this Order as long as the certificates are provided to Counsel within a reasonable time and no later than five (5) business days of Counsel's request.

## Inadvertent Production

10. If a producing party realizes he/she/it has inadvertently produced a document he/she/it considers to be "CONFIDENTIAL," he/she/it may contact the receiving party and provide notice of such inadvertent production of Confidential Material. The "CONFIDENTIAL" document will thereafter be treated by the receiving party as "CONFIDENTIAL" and will otherwise be subject to the terms of this Protective Order.

11. A Party may designate any deposition or other transcript or portion of any transcript as "CONFIDENTIAL" by Counsel so stating on the record of the proceeding, and by giving notice in writing to the other Party within thirty (30) days of receipt of the transcript by all Parties, prior to which time the entire transcript shall be treated by the parties as "CONFIDENTIAL." Unless otherwise arranged in

advance, or unless stated on the record during the deposition or other proceeding, the Parties shall not be required to treat any transcript as "CONFIDENTIAL."

## Return or Destruction of Confidential Materials

12. At the conclusion of these proceedings, all documents designated as "CONFIDENTIAL" and all copies thereof, shall be returned to the Party producing or furnishing the same if such Party has requested the return of such documents in writing. If no such request is made, all documents designated as "CONFIDENTIAL" and all copies thereof shall be destroyed and written certification shall be made by counsel confirming the destruction. This Protective Order shall continue to be binding after the conclusion of these proceedings and for however long any Confidential Materials shall otherwise remain confidential.

SO ORDERED this __14th__ day of ___June_____, 2024.

_____s/Tilman E. Self, III_____
The Honorable Tilman E. Self, III
United States District Court

*Consented to and Submitted By*

**Counsel for Defendant**
Robert S. Huestis
Georgia Bar No. 374740
BLASINGAME BURCH GARRARD & ASHLEY, PC
P.O. Box 832
Athens, GA 30603
706-354-4000
rhuestis@bbga.com